## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GREEN | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  06-5031 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                      AUGUST 14, 2007

Before the court for consideration is plaintiff's brief and statement of issues in support of

request for review[2] (Doc. No. 8) and the response and reply thereto (Docs. No. 9; 10).  The court makes

the following findings and conclusions:

1.      On November 7, 2005, David Green ("Green") protectively filed for supplemental
security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging
an onset date of February 1, 2002.  (Tr. 38-43; 52-54).  Throughout the administrative process, including
an administrative hearing held on August 11, 2006, before an administrative law judge ("ALJ"), Green's
claims were denied.  (Tr. 4-6; 7-16; 26).  Pursuant to 42 U.S.C. § 405(g), Green filed his complaint in
this court on November 17, 2006.

2.      In her decision, the ALJ concluded that Green had a severe impairment in that he
was status-post colostomy.  (Tr. 12 ¶ 2; 12 Finding 2).[3]  Ultimately, the ALJ concluded that Green's
impairment did not meet or equal a listing, that he had the residual functional capacity ("RFC") to
perform sedentary work, and that he was not disabled.  (Tr. 13 ¶ 3; 14 ¶ 4; 15 ¶ 3; 13 Findings 3, 4; 15
Finding 10).

3.      The Court has plenary review of legal issues, but reviews the ALJ's factual
findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc.
Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such
relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson
v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938));
see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to
Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne
Barnhart as the defendant in this lawsuit.

[2]Plaintiff filed a motion for summary judgment with his brief and statement of issues in support of request
for review, which the court will construe as only the brief pursuant to the procedural order. (Doc. No. 5).

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4.     Green raises five arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  Because the ALJ did not apply the proper legal standards, I must remand to allow the Commissioner to conduct the proper analysis.

    A.     Green complains that the ALJ failed to fully develop the record and fulfill her heightened duty to an unrepresented claimant by not inquiring whether Green had undergone psychiatric hospitalization and by failing to obtain the record of Green's psychiatric hospitalization. When a claimant is unrepresented by counsel at an administrative hearing, the ALJ owes a duty to help the claimant develop the administrative record with special care.  Early v. Heckler, 743 F.2d 1002, 1008 (3d Cir. 1984) (citing Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).  In other words, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."  Reefer v. Barnhart, 326 F.3d 376, 379-380 (3d Cir. 2003) (citations omitted) (remanding when the ALJ failed to further investigate an impairment elicited at the hearing but which was not documented in the record).  Where the failure of the ALJ to fulfill her heightened duty combined with a lack of representation prejudices a claimant or causes the hearing to be marked by unfairness, remand is necessary.  Dobrowolsky, 606 F.2d at 407-09;  Gauthney v. Shalala, 890 F. Supp. 401, 410 (E.D. Pa. 1995) (citing Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980)).  Since there are no prescribed procedures that an ALJ must follow, determining if the ALJ has complied with her obligation to take a "heightened level of care" in developing the record must be decided on a case by case basis.  Reefer, 326 F.3d at 379-380.

    In determining that Green's mental impairment was not severe, the ALJ relied on the State agency physician's assessment from January 31, 2006 and the fact that Green had chosen to stop his mental health treatment with weekly psychotherapy after his appointment on May 4, 2006 after only a month and a half of treatment.  (Tr. 13 ¶¶ 1-2; 126-38; 139; 153).  The ALJ did not consider the record of Green's psychiatric hospitalization from March 14 to 18, 2006,[4] that was brought to the attention of this court by Green's counsel, who attached a copy of the discharge summary of Friends Hospital to his brief.  (Doc. No. 8, Exhibit A).  The Commissioner has not denied the authenticity of the copy of the Friends Hospital records or the fact that the ALJ did not have those records when she issued her decision.  In determining that Green's mental impairment was not severe, the State agency physician found that Green's depressive disorder resulted in mild restrictions of daily living and no difficulty in maintaining social functioning, concentration, persistence, or pace.  (Tr. 136). He also determined that Green had not had any episodes of decompensation.  (Id).  In reaching those conclusions, the State agency physician noted that Green had not had any psychiatric therapy or hospitalizations for psychiatric reasons at the time of the assessment on January 31, 2006.  (Tr. 126-138).  In the records from Green's psychiatric hospitalization that were not considered by the State agency physician or the ALJ, Green was assessed GAF scores of 30 on admission, 50 on discharge, and 70 in the past year.  (Id.).  GAF scores in the 21 to 30 range indicate behavior that is considerably

---

[4]The court notes that this hospitalization occurred before either of Green's hearings in front of the ALJ and that the ALJ did not ask Green at his hearings if he had undergone psychiatric hospitalization.  (Tr. 140-70).

influenced by delusions or hallucinations, serious impairment in communication or judgment, or the inability to function in almost all areas, whereas, GAF scores in the 41 to 50 range indicate serious symptoms, such as suicidal ideation, or any serious impairment in social, occupational, or school functioning.  American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, at 34 (4th ed. 2000).  GAF scores between 61 and 70 reflect mild symptoms, with some difficulty in social and occupational functioning.  Id.

The court notes that "[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.'"  Newell v. Comm'r, 347 F.3d 541, 546-547 (3d Cir. 2003) (quoting SSR 85-28).  The step two determination is a *de minimus* screening device under which any doubt should resolved in favor of the claimant.  Id.; McCrea v. Comm'r., 370 F.3d 357, 361 (3d Cir. 2004).  Since the record of Green's psychiatric hospitalization reflect GAF scores demonstrating a serious impairment and the step two standard is a *de minimus* one, there is a strong likelihood that the ALJ would have made a different determination at step two with regard to Green's mental impairment if she had considered Green's record of psychiatric hospitalization.  Thus, the ALJ's failure to fulfill her heighten duty of care combined with Green's lack of representation clearly prejudiced him, and so, the case should be remanded so that the ALJ can consider the additional evidence.  The Commissioner's contention that the record before the ALJ was adequate for her to make a decision is accordingly rejected.

B.     The above analysis demonstrates that the ALJ did not consider all of the medical evidence that should have been in the record before her, and thus, the court will not make rulings on Green's remaining arguments regarding the ALJ improperly drawing conclusions about Green's lack of ongoing psychiatric treatment, determining that Green's mental impairment was not severe, failing to include all of the relevant limitations in hypothetical, and erring by finding Green not disabled based solely on the Grids.  The ALJ is respectfully directed to reevaluate those issues once she has fully examined the record in accordance with the proper procedures and legal standards.

5.     Therefore, this case must be remanded in order for the ALJ to supplement her decision in a manner consistent with this opinion.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID GREEN | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  06-5031 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## <u>ORDER</u>

AND NOW, this 14th day of August, 2007, upon consideration of the brief in support of review filed by plaintiff and response and reply thereto (Doc. Nos. 8; 9; 10) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.


S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.